CHESHIRE, MAY TERM, 1820.

### WILLIAM M. BOND *vs.* ELIJAH DUNBAR, *Administrator.*

The last clause in the third section of the statute of Feb. 11, 1791, only authorizes a reference before the judge of probate where the dispute is respecting a claim upon an insolvent estate, which has been allowed or rejected by the commissioners. And no appeal lies from a decree of the judge of probate accepting the report of referees in such a case.

THIS was an appeal from a decree of the judge of probate in this county, accepting a report of referees, made under a rule entered into between the parties in pursuance of the statute of Feb. 11, 1791, sec. 3.(1)

(1) 1 N. H. Laws 221.

*Bond* having certain claims against the estate of *Alexander Ralston,* deceased, of which *Dunbar* was administrator de bonis non, they entered into a reference before the judge of probate, and the referees having reported that *Bond* should recover $1216 75 of the estate, and the judge having accepted the report, *Dunbar,* at the request of the heirs at law of *Ralston,* claimed an appeal, which was allowed by the judge of probate. *Dunbar's* counsel moved the court to dismiss the appeal, on the ground that no appeal was by law authorized in this case.

*Wilson,* counsel for *Bond.*

*J. Parker,* for *Dunbar.*

RICHARDSON, C. J., delivered the opinion of the court.

The third section of the statute of Feb. 11, 1791, entitled " an act for the equal distribution of insolvent estates," after giving an appeal both to the creditor and to the executor or administrator of an insolvent estate from the judgment of the commissioners appointed in the probate court to examine and allow the claims upon the estate, and directing the manner in which such appeal shall be prosecuted in the court,

contains the following clause : " And the creditor and execu-
" tor or administrator may agree before the judge of probate
" to submit any dispute between them to referees, in which
" case their report being returned to the said judge, and ac-
" cepted by him, shall be final between the parties." It is
very manifest that " the dispute" here intended, is a dispute
with regard to claims upon an insolvent estate, which have
been rejected or allowed by the commissioners. It is a strong
argument in favor of this construction of the statute, that it
contains no provision for enforcing a performance of the
award of the arbitrators, and that where the estate is insol-
vent, no such provision is necessary, because the award be-
comes a debt, which the judge of probate must consider in
making a decree of distribution. This being in our opinion
the true construction of the statute, the question now before
us is easily settled. This is an appeal from a decree of the
judge of probate in this county accepting a report of referees
made under a rule of reference entered into before him, and
the question is, whether an appeal is authorized by law in
this case? It does not appear from the papers furnished us,
whether the estate of *Ralston* was insolvent or not, nor is it,
in the view we have taken of the case, material whether it
was or not. Because if the estate was not insolvent, the re-
ference was wholly unauthorized by the statute, and the de-
cree of the judge of probate accepting the report was a
mere nullity, from which no appeal was necessary, and from
which no appeal could be claimed ; and, on the other hand,
if the reference was authorized by the statute, then the statute
expressly declaring that the report accepted by the judge
shall be final between the parties, has most clearly taken
away an appeal.

*Appeal dismissed.*